NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEATHER RESCO, | No. 23-35177 |
| Plaintiff-Appellant, | D.C. No. 4:22-cv-05064-TOR |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted June 7, 2024**
Portland, Oregon

Before: GRABER, RAWLINSON, and SUNG, Circuit Judges.

Heather Resco (Resco) appeals the district court's order affirming the denial

of her applications for disability insurance benefits and supplemental security

income under the Social Security Act. We have jurisdiction pursuant to 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. "We review the district court's order affirming the [Administrative Law Judge's] ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence. . . ." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (citation omitted). Because substantial evidence supports the ALJ's decision that Resco was not disabled, we affirm.

**1.** Resco first argues that the ALJ improperly discounted the medical opinions of Dr. Shapiro, Mr. Johnson, Ms. Choy, Ms. Holben, and Ms. Hanks. Under the governing regulations, the ALJ "must articulate how persuasive [he] finds all of the medical opinions from each doctor or other source . . . and explain how [he] considered the supportability and consistency factors in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citations, some alterations, and internal quotation marks omitted). Adhering to this standard, the ALJ found persuasive the opinions of Dr. LaVallie, Dr. Comrie, and Dr. Barnard, which substantially support the ALJ's conclusion that Resco can perform "light work." Because substantial evidence supports the ALJ's conclusion, we must uphold it. *See id.* at 787.

**2.** Resco next contends that the ALJ erred by failing to categorize her carpal tunnel syndrome as a severe impairment at step two of the sequential analysis. "[A]n ALJ may find an impairment . . . not severe at step two only if the evidence

2

establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Glanden v. Kijakazi*, 86 F.4th 838, 844 (9th Cir. 2023) (citations, emphasis, and internal quotation marks omitted). Resco underwent surgery for carpal tunnel syndrome in February 2018, and reported significant improvement by April 2018, including that her numbness had subsided. After reporting that she was "doing well," Resco "was released from ongoing carpal tunnel treatment" in August 2018. Thus, substantial evidence supports the "ALJ's step-two denial." *Id.*

**3.** Substantial evidence supports the ALJ's conclusion that Resco's mental impairments did not meet or medically equal the criteria of listing 12.04, 12.06, or 12.15. Resco "bears the burden of proving that she has an impairment that meets or equals the criteria of [a listed] impairment." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (citation and alteration omitted). Resco relies on the medical opinions of Ms. Holben and Ms. Hanks, but those opinions were properly discounted by the ALJ.

The ALJ's finding that Ms. Holben's and Ms. Hank's opinions were unpersuasive did not trigger a duty to develop the record. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.") (citation and alteration omitted).

3

**4.** Resco's contention that the ALJ improperly discounted her symptom testimony is unavailing. "[A]n ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (citation and internal quotation marks omitted).

Here, the ALJ explained that Resco's symptom testimony was undermined by her performing non-sedentary, part-time work during the relevant period, and by evidence that she could return to work. *See Ford*, 950 F.3d at 1156 ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled . . .") (citation omitted). In addition, the ALJ noted that Resco's daily activities, such as using her tablet "for hours every day" and walking 15,000 steps in a day, were inconsistent with her testimony about her limitations. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination. . . .") (citations omitted). Finally, the ALJ considered that the medical evidence displayed only mild degeneration of the spine, and mental status exams that were "generally within normal limits." *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (explaining that subjective complaints may be undermined by objective evidence of normal results).

**5.** Resco also contends that the ALJ erred at steps four and five by relying

4

on the vocational expert's (VE) response to an incomplete hypothetical. "But, an ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Kitchen*, 82 F.4th at 742 (citation and internal quotation marks omitted). Resco's argument is merely a restatement of her contentions regarding the ALJ's weighing of the evidence. *See id.* Because the ALJ's findings regarding the evidence at issue were supported by substantial evidence, Resco "has not shown that the ALJ's resulting hypothetical was incomplete." *Id.*

**6.** Finally, the ALJ did not err in declining to find Resco disabled pursuant to Medical Vocational Rule 201.14. The ALJ relied on the testimony of the VE to determine that Resco can perform a significant number of jobs in the national economy. *See Ford*, 950 F.3d at 1149 ("[T]he ALJ may rely on the Medical-Vocational Guidelines . . . *or* on the testimony of a vocational expert. . . .") (citation and footnote reference omitted) (emphasis added).

**AFFIRMED.**